DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM.

## November, 1892.

HENRY M. BARROWCLIFFE, as Ancillary Executor of
ALICE M. BARROWCLIFFE, Respondent, v. HENRY
CUMMINS and Another, Appellants.

*Replevin — will not lie between tenants in common unless there is a conversion —
hypothecation of stock — breach of contract.*

Henry Cummins borrowed certain stock in a manufacturing corporation of Charles
B. Hall, in order to raise money upon it, and a few days later, pledged it for a
loan, which was never redeemed either by Cummins or Hall. Subsequently,
Cummins purchased of Hall a half interest in the stock, which Cummins then
transferred to George D. Roberts. At a later date Hall transferred his interest
in the stock to Alice M. Barrowcliffe, and upon her death her executor demanded
the stock of Cummins, which demand was refused and the executor brought an
action of replevin for its recovery against Cummins and Roberts. Upon the trial
of this action the defendants requested the court to charge that if the jury
believed that Cummins bought of Hall a half interest in the stock, he then
became a tenant in common with Hall and the action could not be maintained
against the present defendants, which request was denied and a verdict was
rendered and judgment was entered in favor of the plaintiff.

Upon appeal by the defendants from this judgment:

*Held*, that the refusal to charge as requested was error.

That if Cummins bought a half interest, this constituted him a tenant in common
with Hall of the stock.

That replevin will not lie in such a case, by one tenant against the other, unless
the latter has been guilty of a conversion.

That as the stock was borrowed to raise money upon, its hypothecation by Cummins
was not a conversion.

That if he failed to return the stock because he was unable to redeem the pledge,
he was liable only for a breach of contract.

APPEAL by the defendants, Henry Cummins and George D. Roberts, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 25th day of March, 1891, upon a verdict in favor of the plaintiff against the defendant Cummins for $8,521, and against the defendant Roberts for $758, after a trial before the court and a jury at the New York Circuit.

*J. W. Lawton*, for the appellants.

*J. M. Hunt*, for the respondent.

VAN BRUNT, P. J. :

This action was brought to recover possession of 700 shares of Electro-Graphic Manufacturing Company stock borrowed by the defendant Cummins from one C. B. Hall, and also for the recovery of certain bonds and stock of the Postal Telegraph Company, declared as dividends upon Electro-Graphic stock.

It appeared that the said Electro-Graphic Manufacturing Company stock, together with a large quantity of other stock, had been borrowed by Cummins from one C. B. Hall for the purpose of raising money thereon, and said stock was pledged therefor within a few days after its loan, from which pledge the shares have never been redeemed by either Cummins or Hall. The dividend in question was declared in September, 1883, and it is claimed that the stock had been sold under the pledge long before. It further appeared that in September, 1883, the defendant Cummins purchased from Hall an undivided half interest in and to all the interest Hall then had in the Electro-Graphic stock theretofore borrowed by Cummins from Hall, and that on the same day Cummins transferred to the defendant Roberts said one-half interest. In May, 1884, Hall transferred to the plaintiff's testator all his right and interest in said stock, and demand having been made upon Cummins for the delivery of the stock and refused upon the ground that the stock had been parted with, this action was commenced in replevin. Upon the trial the jury having rendered a verdict in favor of the plaintiff, from the judgment thereupon entered this appeal is taken. As the judgment only is appealed from, only exceptions are brought up for consideration ; and in the disposition of this appeal it is not at all necessary

to refer to the many intricate facts which are indistinctly shadowed forth by the evidence which was produced upon the trial. And we need do no more than consider one exception which was taken to the refusal of the court to charge, although many other points against the maintenance of the action might be suggested.

The court was asked to charge that if the jury believed that under the assignment Cummins became possessed of an undivided half interest in any of the stock, inclusive of the 7,200 shares, which included the 700 shares, that then he became the tenant in common with Hall, and no action of replevin could be brought against Cummins or Roberts. The court refused so to do, and left the jury to find that a co-owner of a chattel may maintain replevin against his co-tenant. It hardly needs argument to show that such a position cannot be true. It is only when there has been an exclusive right in denial of the title that such an action can be maintained. And such might have been the case at bar if the hypothecation of these stocks by Cummins had amounted to a conversion thereof. But under the circumstances developed upon the trial, Cummins was not guilty of conversion by such hypothecation.

The case conclusively shows that the stocks were borrowed for the purpose of raising money upon them. And when he hypothecated them for the purpose of raising such money, he did not convert them; and when he did not return them because he had so hypothecated them and could not redeem the pledge, it was simply a breach of contract and not a conversion of the stock.

There was no assertion of a claim hostile to any that Hall might have and which he had not parted with, but simply a failure to comply with his contract to return. This would form no basis for a possessory action of one co-tenant against another.

It was error, therefore, upon the part of the court, to refuse to charge that if the jury believed that under the assignment the defendant became possessed of an undivided half interest in the stock in question, he then became a tenant in common with Hall therein, and no action in replevin could be brought against Cummins or Roberts. This error was fundamental and goes to the root of the whole action; and none of the transactions had between Hall and the plaintiff, as representing the testator, in any way affected his status in this regard. It seems to be assumed upon the part of the plaintiff that because

Cummins failed to return the stock pursuant to his contract, that, therefore, he had become liable in tort therefor. On the contrary the only penalty which he had incurred was for damages for the breach of contract.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

O'BRIEN and LAWRENCE, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.